**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re Ford City Condominium Association, | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | Case No. 21-05193 |
| | ) | Judge Deborah L. Thorne |
| | ) | |
| William Avellone, not individually | ) | |
| but solely as the Subchapter V Trustee, | ) | Adv. Proc. 23-00090 |
| Plaintiff, | ) | |
| v. | ) | |
| United States Liability Insurance | ) | |
| Company et al., | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on Defendant United States Liability Insurance Company's ("USLI") motion to dismiss. Because the plain language of the Debtor's insurance policy with USLI bars coverage for the Trustee's claim, Defendant's motion to dismiss is granted with respect to claims against USLI.

## I.   Background

The parties' dispute centers on insurance coverage. The Debtor, a condominium association, held a Community Association Directors & Officers Liability Policy (the "Policy") with Defendant USLI. (*See* Policy, Dkt. No. 1, Ex. 1.) The Policy provides coverage for wrongful acts committed by the Debtor's organization and directors; it excludes coverage for claims "against the Insured arising out of, directly or indirectly resulting from or in consequence of, or in any way involving . . . any claim by, at the behest of, or on behalf of the Organization and/or any Individual Insured" (the "Insured-versus-Insured Exclusion"). (*Id.* at 5.) "Organization" is defined to include "any person or entity while acting in the capacity of receiver, bankruptcy trustee, or debtor in

possession." (*Id.* at 2.) Members of the Organization and the Organization itself are "Insured" under the Policy. (*Id.* at 1–2.)

In July 2022, Plaintiff Subchapter V Trustee William Avellone issued a demand letter upon USLI, requesting coverage for alleged breaches of fiduciary duty and mismanagement by the Debtor's former officers and board members. (Compl. ¶ 44, Dkt. No. 1.) USLI denied coverage based on the Insured-versus-Insured Exclusion, and the parties have not been able to resolve their coverage dispute. (*Id.* ¶¶ 45–48.) Plaintiff filed an adversary proceeding that includes three counts against USLI: the first seeking a declaratory judgment that USLI is required to provide coverage, the second alleging breach of contract, and the third alleging vexatious and unreasonable conduct under 215 ILCS 5/155(1).[1]

Now before the court is USLI's motion to dismiss. The motion alleges that, because Plaintiff is the Debtor's bankruptcy trustee and has also been appointed as a trustee-in-possession, he is part of the Debtor's "Organization," so the Insured vs. Insured Exclusion applies.[2] (Mot. to Dismiss, Dkt. No. 34.)

## II.    Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of*

---

[1] Count IV of the adversary complaint does not contain allegations against USLI.

[2] Notably, individual unit owners are not included as "Organization" under the Policy and the Insured-versus-Insured Exclusion would not appear to bar coverage for their claims against directors and officers.

2

*Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). In construing a complaint, the court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

### III.   Analysis

### A. The Policy's Plain Language Bars Coverage

"A court's primary objective in construing the language of an insurance policy is to ascertain and give effect to the intentions of the parties as expressed by the language of the policy." *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 314 (Ill. 2006). If the plain and ordinary meaning of the policy is unambiguous, the words "must be applied as written." *Id.*

The Policy's language is unambiguous: bankruptcy trustees and debtors-in-possession are part of the "Organization" and subject to the Insured-versus-Insured Exclusion. This fact alone distinguishes the instant case from others in which a trustee's suit did not trigger such an exclusion. *See, e.g.*, *In re Cnty. Seat Stores, Inc.*, 280 B.R. 319, 329 (Bankr. S.D.N.Y. 2002) ("The language of the insured v. insured exclusion is not ambiguous. The words 'brought by' refer specifically to those entities and individuals who are defined and named in the policy. 'Company' . . . does not include or contemplate a bankruptcy trustee."). From the unambiguous text of the Policy, the parties' intention was to exclude bankruptcy trustees and debtors-in-possession from coverage.

The Trustee insists that two other Policy provisions defeat this outcome. First, he cites to Clause XXIII(B): "Bankruptcy or insolvency of the insured . . . shall not relieve [USLI] of its obligations hereunder." (Policy at 11.) Beyond stating that this provision should be "taken into account when construing the Policy," the Trustee fails to explain how it impacts the clear language of the Insured-versus-Insured Exclusion. Second, the Trustee points to an exception that specifies that the Insured-versus-Insured Exclusion does not apply to "any derivative action on behalf of, or in the name or right of the Organization, if such action is brought and maintained totally

3

independent of, and without the solicitation, assistance, participation or intervention of any of the Insureds." (*Id.* at 5.) Given that the Policy defines "Insureds" to mean "the Organization and the Individual Insureds," and the "Organization" expressly includes bankruptcy trustees and debtors-in-possession, the court is not convinced that this provision helps the Trustee. The Policy's language clearly designates the Trustee as Insured and bars coverage for claims against other Insured parties.

### B. The Insured-versus-Insured Exclusion Is Not an Unlawful Ipso Facto Clause

Citing to *Yessenow v. Exec. Risk Indem., Inc.*, 953 N.E.2d 433 (Ill. App. Ct. 2011), however, the Trustee argues that the Insured-versus-Insured Exclusion is an unlawful ipso facto clause under 11 U.S.C. § 541(c). Section 541(c)(1) provides that "an interest of the debtor in property becomes property of the estate" notwithstanding any contract provision "that is conditioned on the insolvency or financial condition of the debtor, [or] on the commencement of a case . . . and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property." In *Yessenow*, an Illinois appellate court found that, because an exclusion similar to the one in this case was "conditioned on the commencement of [a] bankruptcy case," it was an unenforceable ipso facto clause. *Id.* at 441.

This court declines to follow *Yessenow*. To begin with, the lower court in *Yessenow* distinguished cases like the instant one where trustees and debtors-in-possession are "insured" under the policy. *See id.* at 437 ("The [trial] court found that [the insurer] could have sidestepped any ambiguity by including trustees and debtors-in-possession in either the definition of the 'insured' or the language of the insured versus insured exclusion. Because it did not write with such specificity, the court interpreted the policy in favor of the insured and held that . . . the insured versus insured exclusion does not preclude coverage."). Moreover, the Policy here does not create a forfeiture, modification, or termination of the debtor's interest in property. *See* Michael D. Sousa,

4

*Uncertainty Remains: the "Insured vs. Insured" and "Bankruptcy Exclusion" Provisions*, 2018 ANN. SURV. OF BANKR. L. 10 (explaining that this type of exclusion "is a contractual limitation of rights, not a forfeiture of the policy for purposes of keeping it beyond the estate under § 541(a)(1)"). Finally, as one judge in the Southern District of New York has observed, *Yessenow* "cites no case law in support of its holding, and does not discuss whether a judgment as to a defendant's liability is necessary to establish a plaintiff's property interest in the defendant's insurance proceeds." *Daileader v. Certain Underwriters at Lloyd's London - Syndicate 1861*, No. 22 CIV. 5408 (PGG), 2023 WL 3026597, at *29 (S.D.N.Y. Apr. 20, 2023); *see also In re marchFIRST, Inc.*, 288 B.R. 526, 530 (Bankr. N.D. Ill. 2002), *aff'd sub nom. Megliola v. Maxwell*, 293 B.R. 443 (N.D. Ill. 2003) (finding that, while "policies themselves are estate property. . . . [n]o one has a property interest in the proceeds of the insurance policies unless and until there is a judgment requiring that the insurers issue payment").

## IV.    Conclusion

The plain and unambiguous language of the Policy bars coverage for the Trustee's claim. Because the relevant exclusion is not an unlawful ipso facto clause, it is enforceable. Accordingly, the Trustee has failed to state a claim for relief against USLI. Counts I, II, and III of the complaint are dismissed.

Dated: 8/31/23
                                        _____
                                        Honorable Deborah L. Thorne
                                        United States Bankruptcy Judge

5